IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODGER ROBINSON,

    Plaintiff,

v.                                    NO. CIV. S-07-1248 GGH

CHEROKEE TIMES SQUARE, LLC, et al.,

                                                   <u>ORDER</u>

    Defendants.

_____/

        Presently pending before this court is plaintiff's motion for attorneys' fees and costs, filed April 6, 2009.[1] Plaintiff seeks attorneys' fees and costs in the amount of $17,139.[2] As explained hereafter, the court will award most of the requested attorneys' fees and costs in the amount of $16,364.

<u>BACKGROUND</u>

        Plaintiff is a disabled individual who uses a wheelchair to ambulate. He filed this action on June 25, 2007, alleging defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Cal. Civ. Code §§ 51, 54, 54.1 and 55, due to an

---

[1] The case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to proceed before a magistrate judge). The matter was originally noticed for hearing on May 21, 2009, but was taken under submission without oral argument by the court.

[2] Plaintiff originally sought $16,389 in fees and costs, but has added fees of $750 for his work in drafting the reply and accompanying declaration.

1

inaccessible men's restroom at the Casa Flores Mexican Restaurant, located in a shopping center in Lodi, and owned by defendants Cherokee Times Square, LLC ("Cherokee") and Chris Gianulias. Plaintiff had sought injunctive relief and statutory damages, as well as attorneys' fees and costs.

The parties filed a stipulation of dismissal with prejudice on March 18, 2009, which specified that their settlement was subject to plaintiff's motion for attorneys' fees and costs. The present motion for fees and costs is the only matter remaining to be determined following settlement.

The record settlement for this case was $4,000 minimum statutory damages to plaintiff, together with access improvements. Plaintiff seeks $2,064 in costs plus $15,075 in attorneys' fees, for a total of $17,139. Defendants oppose the motion, requesting that it be reduced in certain respects.

DISCUSSION

  I. Legal Standards

The ADA provides: "The court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The statute requires the court to determine which party prevailed and whether the requested fees and costs are reasonable.

In this case, because the parties entered into a judicially enforceable settlement agreement, plaintiff is a "prevailing party." See Barrios v. California Interscholastic Fed'n, 277 F.3d 1128, 1134 n.5 (9th Cir. 2002); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir. 2000). The settlement agreement was entered in the record and the court retained jurisdiction over attorneys' fees, which materially altered the parties' relationship. See Farrar v. Hobby, 506 U.S. 103, 113, 113 S. Ct. 566 (1992); Richard S. v. Department of Developmental Services of State of California, 317 F.3d 1080, 1086 (9th Cir. 2003) ([P]revailing party status is not determined by the degree of success achieved."); Barrios v. California Interscholastic Fed'n, 277

F.3d 1128, 1134 n. 5 (9th Cir. 2002) (plaintiff entitled to prevailing party attorney's fees under ADA because of legally enforceable settlement agreement).  Even though the recovery plaintiff obtained may have been significantly less than the relief he sought, the cited cases make clear that the legally enforceable settlement agreement renders plaintiff a "prevailing party."  That he recovered only statutory minimum damages or that the injunctive relief he obtained is relatively minor is not the determinative factor.  Plaintiff prevailed in this case.

This circuit uses the "lodestar" method of calculating attorneys' fees – the court multiples a "reasonable" hourly rate by the number of hours "reasonably" expended in the litigation.  Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 103 S. Ct. 1933, 1939 (1983)).  This lodestar amount is presumptively "reasonable," and ordinarily constitutes the first (and last) prong of the analysis.  See Morales v. City of San Rafael, 96 F.3d 359, 363 n. 9 (9th Cir. 1996).  The court also, however, may conduct a second prong of the fee analysis by considering whether recovery of the lodestar amount is "reasonable" in light of other factors which may counsel in favor of adjusting the lodestar calculation.  See Fischer v. SJB-P.D. Inc, 214 F.3d 1115 (9th Cir. 2000); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975).  The party seeking fees and costs bears the burden of supporting his request.  Fischer v. S.B. P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000).

II. Expert's Site Visit

Defendants object to the entire invoice by plaintiff's expert in the amount of $1,634, claiming that Blackseth himself never visited the site.

The ADA authorizes an award of expert witness fees to plaintiff.  Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002).  It appears that Kim Blackseth never visited the site, but sent an experienced employee of his firm to collect data which was included in his report billed at $666.50.  Def.s' Attach. A-6.  The invoice also bills for travel to the site in Lodi from Oakland and return at four hours or $860, and site visit time in the amount of $107.50.  Defendants also object to inclusion of time to evaluate the restaurant's parking lot which was not

part of the claim or settlement.  A thirty minute site visit, which permitted only observations as plaintiff's expert "passed by" the parking lot, does not warrant a reduction in charges for this time.  Defs.' Ex. C-1.  Plaintiff and expert Blackseth have sufficiently explained that Emily Blackseth, as a trained ADA surveyor with five years experience, was qualified to collect data on behalf of Kim Blackseth.  Therefore, plaintiff's request for these fees is approved.

### III.  Site Visit by Plaintiff's Attorney Stewart

Defendants object to the initial site visit by Stewart on February 15, 2007, which was billed at 4.2 hours for a total of $1,050.  They claim this amount is unreasonable in light of a later trip by Stewart for re-inspection on June 22, 2007, at 2.1 hours for $775.  There is also a billing for a third trip by Stewart on November 13, 2007, to witness the expert inspection for 3.7 hours at a sum of $925.  Defendants argue that two of these three visits were over-billed in terms of travel and site visit time.  The length of the initial visit was reasonable as the facts and issues required development.  The third visit was permissible as counsel would normally be present when his expert is collecting data.  The purpose of the second visit was to confirm changes made by defendant; however, this re-inspection could have been performed at the time of the expert visit.  Therefore, fees for the second visit will be denied.  The court does not find the length of the other visits to be unreasonable.

### IV.  Hourly Fee

Plaintiff's requested hourly rate of $250 is a reasonable rate for ADA cases. Doran v. Vicorp Restaurants, 407 F.Supp.2d 1120, 1125 (C.D. Cal. 2005) (finding work by ADA attorney at $300 per hour to be reasonable);  Haworth v. Haddock, 2008 WL 697595 (E.D. Cal. 2008) ($250 per hour for work done by Thomas Stewart reasonable); Elden v. Thrifty Payless, 407 F.Supp.2d 1165, 1171 (E.D. Cal. 2005) ($250 per hour reasonable in ADA case).  Therefore, plaintiff will be awarded the requested hourly fees.

\\\\\

\\\\\

V. Recovery of Damages

Defendants argue that plaintiff seeks three to four times the amount of statutory damages awarded under the settlement, especially in light of the small amount of damages settled for ($4,000) in comparison to the "appropriate damages, treble damages, general damages and special damages ..." sought in the complaint. Plaintiff correctly points out that defendants agreed to significant modifications and injunctive relief in addition to statutory damages.

VI. Costs

Plaintiff seeks $2,064 in costs for the $350 filing fee, the $80 fee to serve process, and $1,634 for the expert witness fee. Defendants do not object to the filing and service fees, and the expert witness fee has already been addressed *supra*. These costs are recoverable. See Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175 (9th Cir. 1990) (recognizing the limit of what courts may tax as defined by 28 U.S.C. § 1920, but holding that courts have power to interpret what costs fit within the statutory terms). Therefore, $2,064 in costs will be awarded.

CONCLUSION

Accordingly, IT IS ORDERED that, for the reasons set forth above, plaintiff is awarded attorneys' fees in the amount of $14,300 ($15,075 less $775 for the re-inspection visit) and costs in the amount of $2,064, for a total amount of costs and fees of $16,364.

DATED: 06/11/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH:076
Robinson1248.fees.wpd